UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. ANDERSON,<br>　　　　Plaintiff,<br>　　v.<br>KEVIN RUNGE, et al.,<br>　　　　Defendants. | Case No. 21-cv-00922-WHO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff James P. Anderson's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **July 16, 2021**. His action cannot proceed as currently constituted because it is unclear whether Anderson will be able to state a cognizable claim, and it is unclear whether Anderson has named property defendants.

Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### I. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Anderson alleges that he "was returned" to his cell "without any personal property." (Dkt. No. 1 ("Complaint") at 3.) He seeks the return of his property, and damages. (*Id.*)

### A. Anderson must clarify his claim.

It is unclear from the Complaint whether Anderson's property was stolen or whether he was deprived of his property pursuant to an SQSP policy. On the one hand, Anderson names two defendants whom he alleges have stolen, or attempted to steal, inmates' property in the past. (*See* Compl. at 2.) On the other hand, exhibits attached to the Complaint suggest that Anderson's property was "mailed out" of SQSP in accordance with prison regulations while Anderson was serving a prison disciplinary sentence. (*See id.*, Ex. 1.)

If Anderson's property was stolen, then he should proceed in state court. Although in general due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest, neither the negligent nor

2

intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). It is difficult to see how the theft of an inmate's property by a correctional officer could be anything but unauthorized. In such instances, the availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, if Anderson believes that defendants stole his property, he should file a tort action in state court.

If Anderson was deprived of his property pursuant to a policy, then he may be able to state a federal claim. If the deprivation of an inmate's property is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), *aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc*, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case." *Logan*, 455

3

U.S. at 437. Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz*, 31 F.3d at 866.

If Anderson chooses to amend, he must clarify whether he believes his property was stolen or whether it was confiscated pursuant to an SQSP policy.

### B. Anderson must name only proper defendants.

Anderson names two defendants in his Complaint: Property Officer Runge and Property Officer Richardson. (Compl. at 2.) If Anderson's property was taken pursuant to an SQDP policy, the exhibits attached to the Complaint suggest that Property Officer Runge deprived Anderson of his property. (*See generally*, *id.,* Exs. 1-35H.) As to Property Officer Richardson, Anderson appears to allege only that he spoke to this defendant about the missing property. (*See id*. at 3.) But if Anderson believes that his property was stolen, then the Complaint suggests that Anderson also believes both Runge and Richardson were involved in the theft. (*See id*. at 2.)

To state a claim against a particular defendant for a violation of his civil rights, Anderson must allege that the defendant was personally involved in the alleged wrongs. To do so, he must show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Either personal involvement or integral participation in the alleged constitutional violation is required before liability may be imposed. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009); *accord Jones v. Williams,* 297 F.3d 930, 936 (9th Cir. 2002). Even at

the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

If Anderson chooses to amend, he must identify the specific wrongful actions taken by defendants Runge and Richardson.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **July 16, 2021.** The amended complaint must include the caption and civil case number used in this order (21-0922 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** May 17, 2021

WILLIAM H. ORRICK
United States District Judge

5